UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 3:24-CV-1520-X |
| JENNIFER LEIGH WALLACE, MICHAEL R. BLESS, and PATRICIA B. BLESS, | | |
| *Defendants.* | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Jennifer Leigh Wallace's (Wallace) amended motion for summary judgment (the "Motion"). (Doc. 24). After careful consideration, and for the reasons explained below, the Court **GRANTS** Wallace's Motion. In short, the Court determines that Interpleader-Plaintiff Metropolitan Life Insurance Company (MetLife) was authorized to designate a beneficiary under decedent Ambrose Bless's (Mr. Bless) employer-sponsored life insurance and accidental death policies (the "Plans"), MetLife did not abuse its discretion in denying Michael and Patricia Bless's (the "Bless Parents") claim to the Plans after determining Wallace to be the proper beneficiary, and Wallace's right to benefits under the Plans is not affected by any state court determination of Wallace's status as Mr. Bless's common-law spouse.

## I. Factual Background

Mr. Bless, a long-time employee of Wells Fargo & Company, enrolled in the Plans at issue. The Plans are governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. (ERISA). Mr. Bless passed away but did not designate a beneficiary to receive his $350,000.00 in benefits (the "Benefits") under the Plans. The Plans provided that if there was no designated beneficiary, MetLife had discretion to decide who should receive the Benefits. Under the terms of the Plans, the payment should be made to the policy holder's "Spouse or Domestic Partner" before his parents.[1]

---

[1] The Plans define "Spouse" and "Domestic Partner." They define "Domestic Partner" as:

[T]wo people of the same or opposite sex, one of whom is an employee of the Policyholder, who: are joined in a civil union (or other similar formal relationship) that is recognized as creating some or all of the rights of marriage under the laws of the state or country in which the union was created, but is not denominated or recognized as a marriage under the laws of that state or country; or share a domestic partnership (or other similar formal relationship) that is registered by a city, county, state, or country, but is not denominated or recognized as a marriage under the laws of that city, county, state, or country; *or have a mutually dependent relationship so that each has an insurable interest in the life of the other*. Each person must be: 1. sharing a single, intimate, committed relationship of mutual caring and intend to remain in the relationship indefinitely; 2. residing together in the same residence and have lived in a spouse-like relationship; 3. not related by blood or a degree of closeness that would prohibit marriage under the law of the state in which you reside; 4. not married to another person under either federal, state, or common law, and neither is a member of another domestic partnership; 5. mentally competent to consent or contract; 6. at least 18 years old; 7. financially interdependent, jointly responsible for each other's basic living expenses, and if asked, able to provide documentation for three of the following: a. *Joint ownership of real property or a common leasehold interest in real property*; b. Common ownership of an automobile; c. *Joint bank or credit accounts*; d. A will that designates the other as primary beneficiary; e. *A beneficiary designation form for a retirement plan or life insurance policy*; signed and completed to the effect that one partner is a beneficiary of the other; f. Designation of one partner as holding power of attorney for health care decisions for the other.

Doc. 1, Exs. A at 13–14; Ex. B at 16 (emphasis added).

Mr. Bless and Wallace were in a long-term, exclusive relationship for decades before his untimely death. They owned a house together and shared a bank account. Further, Mr. Bless listed Wallace as the designated beneficiary under other benefits he had through Wells Fargo.

After Mr. Bless's death, Wallace submitted a claim to MetLife for the Benefits as his Spouse or Domestic Partner. The Bless Parents disputed who should receive the Benefits and made a formal claim to them. Despite the Bless Parents's challenge, after an investigation, MetLife denied their claim, stating its records indicated that there was a higher-priority beneficiary. The Bless Parents appealed MetLife's determination.

Facing completing claims to the Benefits under the Plans, MetLife filed this interpleader action, and the Court granted MetLife's motion for interpleader relief. MetLife then deposited the disputed funds into the court registry.

This is not Wallace's first motion for summary judgment. The Court dismissed without prejudice Wallace's first motion for summary judgment pending a probate court's judgment regarding her designation as Mr. Bless's common-law wife. A jury found Wallace to be Mr. Bless's common-law wife, the probate court entered its judgment, and Wallace filed this amended motion. In the interim, the Bless Parents appealed the probate court's finding of Wallace's common-law spouse designation.

## II. Legal Standard

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3] Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[4]

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.[5] Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[6] A failure to respond to a motion for summary judgment does not permit a court to enter a "default" summary judgment.[7] A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed.[8]

### III. Analysis

MetLife's denial of the Bless Parents's claims—based on its determination that Jennifer Leigh Wallace qualified as Mr. Bless's Domestic Partner under the Plans—

---

[2] Fed. R. Civ. P. 56(a).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

[5] *Easor v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

[6] *Fosyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

[7] *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

[8] *Id.*

4

is uncontroverted, supported by the evidence, and therefore the Benefits under the Plans should be awarded to Wallace.

Under ERISA, plan administrators are required to manage plans "in accordance with the documents and instruments" governing the plans.[9]  Benefits must be paid to the beneficiaries identified by the terms of the plan.[10]  When a plan grants the administrator discretionary authority to interpret its provisions and make benefit determinations, courts review those decisions under an abuse of discretion standard.[11]  An abuse of discretion occurs when a plan administrator's "decision is not based on evidence, even if disputable, that clearly supports the basis for its denial."[12]  Under this standard, the fiduciary's decision prevails as long as it is not arbitrary and capricious and need not be based on substantial evidence.[13]  Courts need not engage in complex or technical review as long as the administrator's decision simply falls within a reasonable range of conclusions, even if on the lower end of that continuum.[14]

MetLife's decision easily satisfies this standard.  The record shows that MetLife determined Wallace to be Mr. Bless's Domestic Partner after reviewing

---

[9] *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 288 (2009) (citing 29 U.S.C. § 1104(a)(1)(D)).

[10] 29 U.S.C. § 1002(8).

[11] *Harmon v. Harmon*, 962 F. Supp. 2d 873, 885 (S.D. Tex. 2013) (citing *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009)).

[12] *Id.*

[13] *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 397–98 (5th Cir. 2007) (cleaned up).

[14] *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir. 1999) (en banc), abrogated on other grounds by *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

evidence of their mutually dependent long-term relationship where they shared residence, had joint financial accounts, and Wallace was listed as a designated beneficiary on Mr. Bless's retirement benefits.[15] Based on that determination, MetLife denied the Bless Parents's competing claim to the Benefits.[16] The Bless Parents's own appeal of MetLife's denial confirms that this was the stated basis for the decision.[17] Because MetLife acted within its discretionary authority under the terms of the Plans and supported its decision with evidence, its denial of the Bless Parents's claims was neither arbitrary nor capricious. Accordingly, MetLife did not abuse its discretion, and Wallace is entitled to the Benefits under the Plans.

Procedurally, the Bless Parents have not opposed Wallace's amended motion for summary judgment, which has been pending for over six months.[18] Their request to defer a ruling pending the outcome of the state court proceedings does not control this Court's determination, nor does their conclusory assertion that MetLife never made a determination regarding Wallace's status as Domestic Partner.[19] The record plainly contradicts that assertion.[20] In the absence of any genuine dispute of material fact, the Court accepts Wallace's supported factual assertions as undisputed.[21]

---

[15] Doc. 1, Exs. A at 13–14, Ex. B at 16; Doc. 26, Ex. D at Appx. 673–74.

[16] Doc. 1, Ex. G.

[17] Doc. 1, Ex. H.

[18] *See* Docs. 35, 38, 40.

[19] *See* Doc. 40 at 2 (Bless Parents contending that "[i]t would be unjust for this Court to make a ruling [on the pending amended motion for summary judgment] at this stage.").

[20] Doc. 1, Exs. G, H; Doc. 26, Ex. D at Appx. 673–74.

[21] *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Finally, the ongoing state court proceedings do not affect this case. MetLife's determination that Wallace was Mr. Bless's Domestic Partner under the Plans is independent of whether she qualifies as his "common-law spouse" under state law because assets with their own distribution scheme need not await probate.[22] ERISA plans have their own distribution structure and are determined by the controlling documents "and courts need look no further than the plan documents to determine the beneficiary."[23] Even if the Bless Parents succeed on appeal and Wallace's designation as a common-law spouse is reversed, MetLife still did not abuse its discretion in finding that Wallace qualified as Mr. Bless's Domestic Partner based on evidence consistent with the terms of the Plans. Therefore, the state proceedings have no bearing on the Court's review of MetLife's determination of the beneficiary under the ERISA-governed Plans.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Jennifer Leigh Wallace's amended motion for summary judgment. (Doc. 24). This Order shall not be construed as a ruling on any benefits related to Wells Fargo's separate Interpleader concerning to the Non-Qualified Financial Advisor Plan benefits as the Court makes no determination regarding any claimant's interest in those benefits. (Doc. 29).

---

[22] *See Kennedy*, 555 U.S. at 288 (citing 29 U.S.C. § 1104(a)(1)(D)); *see also* Doc. 1, Exs. A at 13–14; Ex. B at 16.

[23] *Nickel v. Est. of Estes*, 122 F.3d 294, 298 (5th Cir. 1997).

**IT IS SO ORDERED** this 22nd day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE